```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA       )
                               )
        v.                     )    Criminal No. 05-40027-FDS
                               )
DARRYL YOUNG,                  )
        Defendant.             )
```

**JOINT SUBMISSION OF THE PARTIES UNDER LOCAL RULE 116.5(C)**

Pursuant to Local Rule 116.5(C), the parties state as follows:

1. <u>Outstanding Discovery Issues</u>

The parties are not aware of any further discovery issues not yet presented to or resolved by the Court.

2. <u>Anticipated Additional Discovery</u>

The parties are not aware of any discovery required to be produced pursuant to the Local Rules that has not already been produced or addressed by counsel. Should the parties become aware in future of any additional discovery that needs to be disclosed, such discovery will be provided in accordance with the Local Rules. Also, in the 4/17/06 Joint Submission of the Parties, the government agreed to provide any expected expert witnesses twenty eight days prior to trial and defendant agreed to provide reciprocal discovery fourteen days prior to trial. However, per #3 below, the parties now agree that the defendant will first notify the government of any intention to assert a defense of insanity. Upon receipt of said information, the

government may request additional time to obtain a mental health expert of its own.

    3.   <u>Defense of Insanity or Public Authority</u>

On or about May 24, 2006, the defendant filed an Ex Parte Motion for Funds.  In relation to that motion, the defendant is seeking additional time in order to have a forensic mental health evaluation completed of the defendant.  Once completed, the defendant will indicate whether he intends to assert a defense of insanity.  Also, upon completion of any such examination and report of same, the government reserves the right to obtain a mental health expert of its own and would seek additional time to do so.

The defendant has not indicated an intent to assert a defense of public authority.

    4.   <u>Notice of Alibi</u>

The defendant has not indicated an intent to assert an alibi defense.

    5.   <u>Dispositive Motions</u>

There does not appear to be any motion that will be dispositive of the case.

    6.   <u>Scheduling</u>

The parties are not aware of any issue requiring scheduling and continue efforts to resolve the case.

    7.   <u>Plea Negotiations</u>

The parties are in discussion to try to resolve this case prior to trial.

8.  Excludable Delay

Pursuant to previous orders of this court, all prior days have been excluded from the calculations of the Speedy Trial Clock.  Thus, there are 70 days remaining for a trial in this case.  The parties request that the period between today and the next court date be excluded from the Speedy Trial Clock, in the interests of justice.

9.  Whether Trial is Anticipated; Length of Trial

Should this case proceed to trial, the government anticipates approximately four to five days of trial in this case.

                                        Respectfully submitted,


DARRYL YOUNG                            MICHAEL J. SULLIVAN
By his attorney,                        United States Attorney



s/ James G. Reardon, Jr.            By: s/ Suzanne M. Sullivan
JAMES REARDON, JR., Esq.                SUZANNE M. SULLIVAN
                                        Assistant U.S. Attorney
                                        (617) 748-3146


DATED:    May 26, 2006