UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
UNITED STATES OF AMERICA      )
                              )
        v.                    )    Criminal No. 05-40027-FDS
                              )
DARRYL YOUNG,                 )
        Defendant.            )
```

**JOINT SUBMISSION OF THE PARTIES UNDER LOCAL RULE 116.5(C)**

Pursuant to Local Rule 116.5(C), the parties state as follows:

1. Outstanding Discovery Issues

The parties are not aware of any further discovery issues not yet presented to or resolved by the Court.

2. Anticipated Additional Discovery

The parties are not aware of any discovery required to be produced pursuant to the Local Rules that has not already been produced or addressed by counsel.  Should the parties become aware in future of any additional discovery that needs to be disclosed, such discovery will be provided in accordance with the Local Rules.  Also, in the 5/26/06 Joint Submission of the Parties, the parties agreed that the defendant will first notify the government of any intention to assert a defense of insanity.  Upon receipt of said information, the government may request additional time to obtain a mental health expert of its own.

3.   Defense of Insanity or Public Authority

On or about May 24, 2006, the defendant filed an Ex Parte Motion for Funds.  In relation to that motion, the defendant sought additional time in order to have a forensic mental health evaluation completed of the defendant.  That evaluation has been completed and per defense counsel, there is no defense of insanity that will be asserted.

The defendant has not indicated an intent to assert a defense of public authority.

4.   Notice of Alibi

The defendant has not indicated an intent to assert an alibi defense.

5.   Dispositive Motions

There does not appear to be any motion that will be dispositive of the case.

6.   Scheduling

The parties are not aware of any issue requiring scheduling and continue efforts to resolve the case.

7.   Plea Negotiations

The parties are in discussion to try to resolve this case via a disposition prior to trial.

8.   Excludable Delay

Pursuant to previous orders of this court, all prior days have been excluded from the calculations of the Speedy Trial Clock.  Thus, there are 70 days remaining for a trial in this

case. The parties request that the period between today and the next court date be excluded from the Speedy Trial Clock, in the interests of justice.

9. <u>Whether Trial is Anticipated; Length of Trial</u>

Should this case proceed to trial, the parties anticipate approximately one week of trial in this case.

Respectfully submitted,

| | |
|---|---|
| DARRYL YOUNG<br>By his attorney, | MICHAEL J. SULLIVAN<br>United States Attorney |
| s/ James G. Reardon, Jr.<br>JAMES REARDON, JR., Esq. | By: s/ Suzanne M. Sullivan<br>    SUZANNE M. SULLIVAN<br>    Assistant U.S. Attorney<br>    (617) 748-3146 |

DATED:   August 14, 2006