UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff<br><br>v<br><br>DARRYL YOUNG,<br>    Defendant | )<br>)<br>) CRIMINAL ACTION<br>) NO. 05-40027-FDS<br>)<br>)<br>) |

**DEFENDANT, DARRLY YOUNG'S SETENCING MEMORANDUM**

Now comes Darryl Young and moves this' Court, pursuant to 18 U.S.C. § 3553 to sentence him to a term of 72 months imprisonment, to run concurrently with the sentence he is now serving for violation of his parole. As grounds for this motion, the Defendant States as follows:

This case stems from an altercation which occurred between Darryl Young and various guards while Mr. Young was detained at FMC Devens in Massachusetts in January, 2005. Mr. Young has a long history of psychiatric problems and therefore must always be detained in a federal medical facility. At the time of this incident he was not taking his prescribed mental health medications due to a complaint of side effects, which he had registered with the medical staff. He was, ironically, at Fort Devens for the purpose of a parole hearing.

On January 17, 2005 guards at FMC Devens intended to question Mr. Young regarding a complaint which had been made about him by another inmate. He was

1

ordered to turn around and "cuff up." Although he initially complied, he subsequently resisted this order, and a fracas ensued. During this incident, Officer Todd Army suffered a significant fracture of his left leg. A review of Mr. Young's psychiatric and mental health history, as well as his overall background, demonstrates that Mr. Young's conduct on January 17, 2005 was the result of significant mental illness, not intentionality or animosity. Mr. Young therefore seeks consideration of these factors by this Court and seeks a sentence below that recommended by the United States Sentencing Guidelines.

## BACKGROUND:

As the presentence report details, Darryl Young's life has been filled with adversity and devoid of opportunity. He did not know his father, who was sentenced to a lengthy term of imprisonment shortly after Mr. Young was born, and was killed in prison. (P.S.R., para, 62-63). He was raised by his grandmother in a violent and drug infested area. ( P.S.R., para 62 .) Most importantly, he has suffered from significant mental illness since his teenage years. (P. S.R., para 71.) Records reviewed by the Probation Department indicate that Mr. Young has "a long history of psychiatric illnesses and hospitalizations beginning at age 11." (P.S. R., para 72.)

Details of Mr. Young's mental health history are contained in a court-ordered forensic mental health evaluation done by the Bureau of Prisons in 2002. That evaluation demonstrated that Darryl Young suffers from a "significant mental illness", Schizoaffective Disorder, which is partially controlled through a medication regimen. The hallmark features of his disorder are psychotic symptoms accompanied by significant

mood disorder. He was also diagnosed with Alcohol Abuse, Phencyclidine Abuse, Antisocial Personality Disorder and Borderline Intellectual Functioning. (P.S.R. para. 72, 81.) The evaluation also noted that Mr. Young had shown improvement in his condition when he complied with his medication regimen. (P.S.R., para 72.) However, at the time of the incident which is the subject of this action, Mr. Young was not taking his prescribed medication, due to complaints of side effects. (See Medical Record Note of Gary H. Riggs, M.D., dated January 13, 2005 regarding Darryl Young, Attached as **Exhibit 1**, and Letter of Patrick C. Gariety, M.D., dated October 5, 2006, attached as **Exhibit 2**.)

A review of Mr. Young's criminal record shows that he has spent the majority of his life in prison confinement. He received his first adult sentence of confinement in April of 1993 in the District of Columbia, on a charge of accessory after the fact to murder. (P.S.R. para 46.) Other than a brief period of parole from 1996 - 1997, he has been incarcerated since April of 1993, on drug and weapons charges. (P.S.R., para 48-49, 82-85.) Mr. Young also has a history of self-mutilation and swallowing metal items. (P.S.R., para 82.) In September of 2004, while at the Federal Detention Center in Philadelphia, Mr. Young was found not competent or responsible in proceedings which occurred when he allegedly refused to follow an order and failed to follow safety regulations.(Id.) The incident which is the subject of this action took place a few months later, on January 17, 2005.

As a result of this incident with Officer Army, Darryl Young's parole was revoked on the charges from the District of Columbia, (P.S.R., para 47, 49,) and he was ordered to serve an additional 68 months. (See Notice of Action, United States Parole

Commission, Re: Darryl Young, DCDC No: 252-319, Dated August 8, 2006, attached hereto as **Exhibit 3**.) While he originally would have been paroled on July 30, 2005, his projected release date now is January 27, 2011. (P.S.R., para 47.)

**ARGUMENT:**

The obligation of this court in this matter is to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2 of [18 U.S.C. § 3553 (a)]. United States v. Booker, 125 U.S. 738, 757 (2005). Although the Court is still required to give the sentencing guidelines significant weight in determining an appropriate sentence, the guidelines are no longer controlling. "Yet the guidelines are still generalizations that can point to outcomes that may appear unreasonable to sentencing judges in particular cases. . . . Booker's remedial solution makes it possible for courts to impose non-guideline sentences that override the guidelines, subject only to the ultimate requirement of reasonableness.". United States v. Jimez-Beltre, 440 F.3d 514, 518 (1st Cir. 2006).

Paragraph (a)(1) of § 3553 also requires the court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." The nature and circumstances of the offense, as well as Mr. Young's history and characteristics, argue for and support an individualized sentence below the guidelines range. The most important and salient factor to be considered in sentencing Darryl Young is his significant, lifelong and uncontroverted mental illness and limited mental

functioning. Clearly, his mental illness has played a large part in his criminal past, and it undoubtedly played a significant part in the present offense.

Mr. Young's mental health history is outlined in paragraph 72 of the P.S.R., which indicates that his psychiatric illness began at age 11. For most of this life he has suffered from and still suffers from Schizoaffective Disorder, a significant mental illness. The "hallmark features" of this disorder are psychotic symptoms accompanied by significant mood disorder. He also suffers from Antisocial Personality Disorder, which began in childhood. Persons with this disorder "may perform acts that are grounds for arrest and disregard the wishes, rights, or feelings of others....Decisions are generally made on the spur of the moment, without forethought and without considerations for the consequences to himself or others. . . . " Based upon these diagnoses, it cannot be considered surprising that when confronted by jail guards desiring to interview him regarding allegations of prisoner abuse, in an unfamiliar institution while not taking his medications, Mr. Young became involved in a physical altercation. Officer Army, in his victim impact statement dated March 27, 2007, appears to imply as much when he states, "This incident should of and could have been avoided by having more staff present, better understanding of the inmate involved and adhere [sic] to procedures and policies in place for handling situations such as this one."

The principal question involved in sentencing Mr. Young is the degree to which his mental illness should ameliorate his punishment. Mr. Young's actions in this matter certainly were neither entirely voluntary nor premeditated. As the P.S.R. (para 23 – 25) indicates, Mr. Young did not have any personal animosity toward Officer Army and did not intend to harm him. He therefore had no reason to plan to assault Officer Army.

Also, Officer Army's injury occurred during a fracas while Mr. Young was restrained by Officer Notafrancesco and after having been kneed by Officer Army. (P.S.R., para.16.)

In accordance with the dictates of 18 U.S.C. § 3553 (a)(1), the nature and circumstances of the offense, namely an unplanned melee occurring while Mr. Young was not taking his medication due to side-effects, and while held in an unfamiliar setting, support a finding that this assault was neither malicious nor premeditated, and that the significant injury to Officer Army was largely the result of unfortunate happenstance. Obviously, Mr. Young's own history and circumstances warrant a similar finding that this regrettable occurrence resulted, in large part, from Mr. Young's mental illness and limitations, not from animosity or forethought.

Among the factors to be taken into account in sentencing under 18 U.S.C. § 3553 (a)(2) are the following goals: (A) to reflect the seriousness of the offense, promote respect for the law and provide just punishment, (B) to afford adequate deterrence and (C) to protect the public from further crimes of the defendant, (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The sentence requested by Mr. Young would fulfill these criteria. A sentence of 84 months, which equals 7 years, is certainly a significant sentence for an assault which did not involve planning or the use of a weapon. The maximum penalty permitted by statute for this offense is 20 years, and that presumably would be for conduct more serious, and more intentional than Mr. Young's conduct. This penalty would also afford adequate deterrence, as it represents a significant increase in the time Mr. Young will remain in prison. Without this incident, Mr. Young would have been paroled in 2005. If

the Court adopts his request for an 84 month sentence, he will be incarcerated until 2012. This sentence will also serve to protect the public from further crimes until Mr. Young approaches the age of forty years old.

Also, this sentence will enable Mr. Young to receive the treatment he requires. He has shown over time that when on appropriate medication he can control his behavior and function properly. (See P.S.R., para 72, p.19, Exhibit 3, letter of Dr. Gariety.) With these extra years of treatment and medication to be afforded him while in prison, there is reason to hope and expect that Mr. Young will make progress and be able to function in society when he is released. He has shown motivation in the past to improve and educate himself and make progress while in prison. (P.S.R. 73, 79-80)

Running this sentence concurrently with the time he is serving for his probation violation would serve the ends of justice and is consistent with U.S.S.G. 5G1.3(c). A review of the facts of this case indicates that Darryl Young is being punished twice for the same behavior; once by the 68 months added on to his sentence through the denial or parole, and once by the sentence to be imposed by this Court for this same behavior. In these circumstances, it would be morally inappropriate and excessive to impose consecutive sentences.

Further, the 151 to 188 month sentence recommended by the sentencing guidelines is clearly excessive in that it fails to take into account the significant part that Mr. Young's mental illness played in the happening of this incident. In the post – Booker world, where the guidelines are advisory, but not mandatory, it is entirely appropriate and necessary for this Court to place significant emphasis on Darryl Young's serious mental illness, without which he undoubtedly would not have spent the major portion of his life

7

in prison and without which he would not have committed this offense. Under these circumstances, a sentence outside of the guidelines is appropriate. <u>United States v. Gorsuch</u>, 404 f.3d 543 (1st Cir. 2005)

For these reasons, Darryl Young requests that this request be allowed and that he be given a sentence of 84 months, to be served consecutively with the sentence he is now serving.

Darryl Young,<br>
By his attorney<br><br>
_____<br>
James G Reardon, Jr., Esq.<br>
Reardon & Reardon<br>
One Exchange Place<br>
Worcester, MA 01608<br>
(508) 754-1111<br>
BBO 544557

## CERTIFICATE OF SERVICE

I certify that I this 15th day of June served the above document upon the United States by sending a copy electronically to Assistant U.S. Attorney Suzanne Sullivan, Moakley Courthouse, 1 Courthouse Way, Boston, MA 02210

_____

| DATE | NOTES |
|---|---|
| 1-13-05 0740 | Psychiatry - S: "I talked with Dr. Thompson. That change [illegible] medicine is all at one time is just totally too much. She said she would talk to you about reducing the dose or she would do it herself. I'm doing all right except for that." |
| | O: Fair good spirits - Waiting for Psychology callout. Hopeful for good outcome to his hearing. No problem [complaint except as above] - Awake & [illegible] Quetiapine |
| | A: Axis I Schizophrenia paranoid; Polysubstance Abuse Axis II Borderline Intellectual Functioning Axis III (+) PTSD |
| | P: Decrease [illegible] Quetiapine dose per SF 509 this date — [illegible] counseled c understanding about treatment plan [illegible] RC → MD |
| | Gary H. Riggs, MD |

EXHIBIT 1

Young, Darrell 13259-007

STANDARD FORM 509 (REV. 5-99) BACK



U.S. Department of Justice
Federal Bureau of Prisons

U. S. Medical Center for Federal Prisoners
P. O. Box 4000

Springfield, MO 65801-400

5 October 2006

To Whom It May Concern,

Darryl Young is a 31 year-old inmate who has been under my psychiatric care, off and on, since December of 2003, here at the U.S. Medical Center for Federal Prisoners, in Springfield, Missouri.

Mr. Young completed a federal sentence in July 2004. He was not released at that time due to an outstanding detainer for an unserved portion of a Washington D.C. sentence. In January, 2005, while awaiting a hearing with the parole board, Mr. Young allegedly assaulted BOP staff at FMC Devins. This resulted in his being indicted with new federal charges for which he is presently being prosecuted. Mr. Young was housed in SHU (solitary confinement) for 16 months subsequent to the incident at FMC Devins.

From the ages of 11 to 16 years of age, Mr. Young was institutionalized much of the time in juvenile hall and various residential facilities. At age 16 Mr. Young was prosecuted as an adult, and he's been incarcerated ever since, with the exception of one year of parole when he was 19 years old.

Mr. Young has an extensive history of receiving mental health and psychiatric services for his behavioral problems, beginning at age 11. Mr. Young attributes many of his behavioral problems to prior drug use. Mr. Young has completed drug treatment while incarcerated in Maryland, and in the District of Columbia. He also has a history of at least four prior suicide attempts.

Mr. Young has a history of exceedingly poor institutional adjustment, near continuous psychiatric care since the age of 16, and has been variously diagnosed, while incarcerated, as suffering from Bipolar Mood Disorder, Schizophrenia, and Personality Disorder. In his time under my care Mr. Young has not exhibited overt signs of either a thought or mood disorder. He has at times, however, had difficulty coping with frustration.

Mr. Young generally does better coping with stress when he's on psychotropic medication. At the time of the alleged incident at FMC Devins, Mr. Young was not complying with psychotropic medication. He had stopped his medicine 4 days earlier due to his prescription being changed in a manner which caused intolerable side effects.

In the past 21 months, while here at the Medical Center, Mr. Young has posed no disciplinary problems. He has been housed in an open population housing unit for the past 10 months, and has demonstrated exceptionally good motivation and conscientious involvement in both inmate programming and employment.

Patrick C. Gariety, MD
Staff Psychiatrist

EXHIBIT 2

**Notice of Action**

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Name: YOUNG, Darryl                          Institution : Springfield MCFP
Register Number: 13259-007
DCDC No: 252-319                              Date     : August 8, 2006

As a result of the hearing conducted on July 11, 2006 the following action was ordered:

Rescind the parole effective date of July 30, 2005. Deny parole. Continue to expiration. This requires the additional service of 68 months.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

In addition, you shall be subject to the Special Mental Health Aftercare Condition that requires that you participate in an in-patient or an out-patient mental health program as directed by your Supervision Officer.

**REASONS:**

You committed new criminal conduct while in a prison facility of Category Seven severity because it involved Assault on a Correctional Officer with Serious Bodily Injury.

Your rescission guideline range is 64-92 months to be added to your original parole effective date.

You have committed 6 non-drug related infraction(s). Guidelines established by the Commission indicate a range of up to 2 months be added to your guideline range for each non-drug related infraction.

Your aggregate guideline range is 64-104 months to be served to be added to your original parole effective date of July 30, 2005.

After consideration of all relevant factors and information presented, a departure from the guidelines at this consideration is not warranted.

In addition, you have also been scheduled for a review hearing during July 2008.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

EXHIBIT 3
0000000041