# United States Court of Appeals
## For the First Circuit

*[handwritten: 05-40027 USDC MA Saylor, F.]*

No. 07-2056

UNITED STATES,

Appellee,

v.

DARRYL YOUNG,

Defendant, Appellant.

Before

Lynch, <u>Chief Judge</u>,
Torruella and Boudin, <u>Circuit Judges</u>.

JUDGMENT

Entered: August 6, 2008

The government has moved for summary disposition of this sentencing appeal. Defendant-appellant Darryl Young pled guilty to forcibly assaulting a federal corrections officer in violation of 18 U.S.C. § 111 and was sentenced to a 151-month term of imprisonment--the low end of the applicable guideline sentencing range ("GSR"). However, because the district court ordered that the first 24 months were to run concurrently with a sentence Young is serving on a parole revocation resulting from the same underlying incident while the Guidelines provided that the sentence should run consecutively, see U.S.S.G. § 5G1.3(a), the district court characterized the partially concurrent sentence as a "Guidelines sentence with a downward departure," or, alternatively, a "nonguideline" sentence. On appeal, Young argues that the district court committed procedural errors that rendered his sentence unreasonable.

"Given a properly calculated GSR, we review a sentence for abuse of discretion." United States v. Rodriguez, 527 F.3d 221, 224 (1st Cir. 2008) (footnote omitted) (<u>citing</u> Gall v. United States, 128 S.Ct. 586, 591 (2007)). In doing so, we "must first ensure that the district court committed no significant procedural error, such as . . . treating the Guidelines as mandatory, failing

to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." Gall, 128 S.Ct. at 597. If the sentence is procedurally sound, we "proceed, under the same abuse-of-discretion rubric, to review the substantive reasonableness of the sentence, taking into account the totality of the circumstances." United States v. Martin, 520 F.3d 87, 92 (1st Cir. 2008). "Ultimately, we review a trial court's sentence with substantial deference, and as long 'as we discern a plausible explanation for the sentence and a defensible overall result,' we will not second-guess the district court's informed judgment.'" United States v. Rodriguez, 525 F.3d 85, 110 (1st Cir. 2008) (quoting United States v. Deppe, 509 F.3d 54, 62 (1st Cir. 2007) (internal quotation marks omitted)).

Here, Young claims that the district court improperly treated the Guidelines as presumptively controlling, failed to consider his mental illness as grounds for a diminished capacity departure or variance under 18 U.S.C. § 3553(a), and failed to provide an adequate explanation of its reasons for choosing the sentence imposed as required under 18 U.S.C. § 3553(c). As a threshold matter, the government argues that these claims are subject to review only for plain error because Young failed to adequately preserve them below. Young disagrees, except with respect to his claim that the district court treated the Guidelines as presumptively controlling. See United States v. Antonakopoulos, 399 F.3d 68, 75 (1st Cir. 2005). We need not decide what standard of review applies to Young's remaining claims because we see no error, plain or otherwise.

Young first contends that the district court committed an error of law when, without having the benefit of the Supreme Court's clarification in Gall of the role of the Guidelines in the sentencing calculus, the district court applied the analytical framework we endorsed in United States v. Jiménez-Beltre, according the Guidelines "substantial, but not controlling weight" and requiring that any deviation from the Guidelines be justified by "clearly identified and persuasive reasons." 440 F.3d 514, 516-17 (1st Cir. 2006) (en banc), cert. denied, 127 S.Ct. 928 (2007). Young argues that this standard places undue emphasis on the Guidelines and treats the GSR as presumptively correct, cf. Gall, 128 S.Ct. at 596-97, and thereby renders his sentence procedurally unreasonable.

However, as we have stated, "Booker[1] and Gall do not require a sentencing court to jettison the guidelines and commence the

---

[1] United States v. Booker, 543 U.S. 220 (2005).

sentencing enterprise from scratch," United States v. Smith, 531 F.3d 109, 111 (1st Cir. 2008) (citation omitted), and "the fact that a sentencing court possesses the raw power to deviate from the guidelines does not mean that it can (or should) do so casually." Martin, 520 F.3d at 91. In context, it is evident that the district court applied the standard it recited in a manner consistent with Gall and did not feel bound to impose a sentence within the GSR. The court expressly cited the sentencing factors it deemed most significant--the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterrence, protecting the public, and providing Young with needed training and treatment--and discussed them in terms specific to Young. Moreover, notwithstanding Young's arguments to the contrary, the record makes clear that the court considered his arguments in mitigation. The court did not demonstrate any inclination to vary further downward, nor did it "mechanically assume that the [Guidelines] frame[d] the boundaries of a reasonable sentence." Martin, 520 F.3d at 91. Rather, the court affirmed that it found the bottom-of-Guidelines, partially concurrent sentence to be appropriate whether viewed as a Guidelines sentence with a downward departure or a "nonguideline" sentence. Based on this record, the district court's recitation of the Jiménez-Beltre standard does not amount to "significant procedural error." Gall, 128 S.Ct. at 597.

Young next accuses the district court of failing to adequately consider his mental illness as a mitigating factor and failing to adequately explain the reasons for the sentence as required under 18 U.S.C. § 3553(c). These arguments are plainly belied by the record. The court expressly agreed that Young's life had been "tragic from the beginning," and found that his "serious mental health issues" and the fact that Young was "off his medication, [and] in an unfamiliar environment," "contributed at some level to the offense." However, the court also made clear that it found that any mitigating effect of Young's illness was largely outweighed by other factors properly considered under § 3553(a), including his "profoundly troubling" criminal and disciplinary record, his history of violent behavior, the likelihood of recidivism and the seriousness of the injury inflicted in the assault. "That the court chose to allocate greater weight to the aggravating factors . . . and less to potentially mitigating factors . . . 'entailed a choice of emphasis, not a sin of omission' and 'is not a basis for a founded claim of sentencing error.'" Rodriquez, 525 F.3d at 110 (quoting Deppe, 509 F.3d at 62). The court's balancing of the § 3553(a) factors is well supported by the record.

The court also adequately explained the reasons for its sentence as required under § 3553(c). Young argues that the district court's reasoning cannot be discerned because the

explanations given at sentencing and in the written Statement of Reasons conflict. However, viewing the record as a whole, the explanations are easily reconciled; in both, the district court made clear that it found that the "unique" circumstances of the case, which included Young's mental illness, the specific circumstances of the offense, and the fact that the offense conduct also had serious parole consequences, warranted a deviation from the GSR. But, in light of Young's substantial criminal and disciplinary record and the seriousness of the injury inflicted in the assault, the district court found that only a small adjustment was appropriate and, having given that explanation, it was not also required to "explain why some lighter sentence [was] inadequate." United States v. Navedo-Concepción, 450 F.3d 54, 59 (1st Cir. 2006).

Finally, Young suggests that his sentence is substantively unreasonable because he is in effect being punished for his mental illness. This is essentially a variation on the argument that the district court failed to adequately consider his mental illness as a mitigating factor, and, for the reasons already discussed, it is not supported by the record. The explanation the district court gave for choosing the sentence it imposed was certainly plausible and, given that the sentence, while substantial, is at (or below) the low end of the GSR, the outcome is plainly defensible.

The motion for summary disposition is granted, and the sentence is affirmed. See 1st Cir. Loc. R. 27.0(c).

By the Court:

/s/Richard Cushing Donovan, Clerk.


cc:
Jonathan Shapiro
Suzanne Maureen Sullivan